MICHAEL BROCIA, Appellant and Respondent, *v.* F. ROMEO & Co., INC., Respondent and Appellant.

*Appeal — where judgment properly dismissed by trial court plaintiff not entitled on appeal to modification granting leave to serve amended complaint — where identical remittiturs relate to same judgment entry of judgment for costs on both improper — judgment for costs in all courts not justified by remittitur affirming " with costs."*

1. A plaintiff who has appealed from a judgment properly dismissing his complaint, instead of having secured leave to amend, is not entitled to have the judgment modified so as to give him leave to serve an amended complaint.

2. Where two distinct appeals are presented to this court upon separate records it is proper to hand down two remittiturs, but, where the remittiturs are identical and show that they relate to the same judgment, there is no justification for the entry of a judgment on each remittitur for costs.

3. The mere allowance of costs without anything further means costs in this court. It is, therefore, improper to enter judgment for costs in all courts upon a remittitur affirming a judgment " with costs."

(Submitted July 15, 1925; decided October 6, 1925.)

MOTION to amend remittitur.   (See 240 N. Y. 233.)

*Per Curiam.* The motion for a re-argument to the end that our remittiturs may be amended is denied.

Plaintiff having appealed from the judgment dismissing his complaint as to the first cause of action instead of having secured leave to amend at the trial is not entitled to have the judgment modified by giving him leave to serve an amended complaint. His complaint having been properly dismissed on the ground that he did not establish any cause of action against the defendant, he is not now entitled to a modification permitting amendment of complaint and ordering a new trial.

By their unfortunate practice counsel presented to this court two distinct appeals upon separate records

and, therefore, it was proper to hand down two remittiturs but these remittiturs are identical and show that they relate to the same judgment and, therefore, there was no justification for the entry by defendant of a judgment on each remittitur against plaintiff for costs on the affirmance of the judgment dismissing his complaint. This resulted in a double judgment for the same costs and of course was improper. Such procedure, however, can be corrected on proper application to the Supreme Court.

It is also stated, but it is impossible for us to determine whether correctly, that defendant on our remittitur affirming the judgment dismissing plaintiff's first cause of action " with costs " has entered judgment for costs in all courts. If so, this was incorrect as it is well understood that the mere allowance of costs without anything further means costs in this court.

All concur.